# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED ROLLINGS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>HARRINGTON,<br><br>　　　　　　Defendant.<br>_____/ | CASE NO. 1:09-cv-01108 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1)<br><br>ORDER DISREGARDING MOTION FOR PERMANENT INJUNCTIVE RELIEF<br><br>(Doc. 5) |

Plaintiff Alfred Rollings ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis. On June 22, 2009, Plaintiff filed a civil action seeking relief pursuant to 28 U.S.C. § 1651 (the All Writs Act).

**I.      Screening Order**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In this action, Plaintiff alleges that Warden Harrington "has a clear, present and ministerial duty to abide by and adhere to the exercise of sound discretion governed by policy, practices and procedures of Title 15 in the distribution of packages, which is the subject matter of this action." (Doc. 1, p.1.) Plaintiff alleges that Warden Harrington is distributing packages to some prisoners and denying packages to others in a discriminatory manner. (Id., p.2.) Plaintiff contends that the Warden is acting in concert with prison staff to deny Afrikans their right to packages, basic hygiene, and other health care products. (Id.) As relief, Plaintiff seeks an order commanding the Warden to distribute the packages forthwith, as well as money damages and attorneys fees.[1]

Plaintiff appears to be seeking in part an injunction and mandamus. The All Writs Act does not confer original jurisdiction on federal courts. Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 34, 123 S.Ct. 366, 371 (2002). In the event that jurisdiction is properly pled, "injunctive relief under the All Writs Act is to be used 'sparingly and only in the most critical and exigent circumstances.'" Brown v. Gilmore, 533 U.S. 1301, 122 S.Ct. 1, 2 (2001) (quoting Ohio Citizens for Responsible Energy, Inc. v. NRC, 479 U.S. 1312, 1313, 107 S.Ct. 682 (1986) (internal quotations and citation omitted)). "Such an injunction is appropriate only if 'the legal rights at issue are indisputably clear.'" Id. (quoting Ohio Citizens for Responsible Enegery, 479 U.S. at 1313 (internal quotations and citation omitted)). Plaintiff has alleged no jurisdictional basis for his request for relief, and Plaintiff has made no showing that he is entitled to any relief under the All Writs Act.

With respect to Plaintiff's allegations that his constitutional rights under the Fourteenth Amendment of the United States Constitution are being violated, to state a claim under 42 U.S.C. § 1983, a statute under which plaintiff may seek monetary damages or equitable relief from prison officials for violating his rights, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but Plaintiff must set forth "sufficient factual

---

[1] Plaintiff also requests that the Court certify this action as a class action. By order filed July 20, 2009, the Court construed this action as an individual action brought by Plaintiff Alfred Rollings. (Doc. 8.)

matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  Iqbal at 1948-49.

Furthermore, standing is an "essential and unchanging part of the case-or-controversy requirement of Article III". Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992). At a bare minimum, standing requires that Plaintiff "show that [he] suffered an injury in fact, there was a causal connection between the injury and the conduct complained of, and the injury is likely to be redressed by a favorable decision." Davis v. Yageo Corp., 481 F.3d 661, 673 (9th Cir. 2007) (citing Lujan, 504 U.S. at 560-61, 112 S.Ct. at 2136).

There is no allegation in the complaint that Plaintiff suffered any injury as a result of any conduct undertaken by Warden Harrington, and therefore Plaintiff has not demonstrated that he has standing to bring this action.[2]

## II.     Order Disregarding Motion for Permanent Injunctive Relief (Doc. 5)

Because Plaintiff has not alleged facts demonstrating that he has standing to pursue this action, his motion for permanent injunctive relief, filed July 10, 2009, is disregarded as premature.

## III.    Conclusion and Order

Plaintiff lacks standing to bring this action and therefore there is no case or controversy before this Court.  Lujan, 504 U.S. at 560-61.  Plaintiff shall be granted leave to amend to cure the deficiencies identified by the Court in this order, to the extent they are curable.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no

---

[2] Even if Plaintiff had sufficiently demonstrated standing, he still fails to state a claim for relief for violation of the Fourteenth Amendment.  Presuming that Plaintiff seeks relief for violation of the Equal Protection Clause, Plaintiff "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." Monteiro v. Tempe Union High School Dist., 158 F.3d 1022, 1026 (9th Cir. 1998). Plaintiff has not sufficiently alleged that defendant Harrington acted with an intent or purpose to discriminate against Plaintiff based upon membership in a protected class, Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), and a bare allegation that defendant's conduct discriminated against Afrikans is not sufficient to show that defendants acted with a discriminatory amicus.

"buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint is DISMISSED and Plaintiff's motion for permanent injunctive relief is DISREGARDED;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint that complies with the directives in this order; and

4. If Plaintiff fails to file an amended complaint, this action will be dismissed.

IT IS SO ORDERED.

Dated:   **October 13, 2009**          **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE

4