IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED ROLLINGS, | 1:09-cv-01108-DLB (PC) |
| Plaintiff, | ORDER DISMISSING CASE FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO STATE A CLAIM |
| v. | |
| HARRINGTON, | DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |
| Defendant. | |

On October 14, 2009, the court issued an order dismissing the complaint, with leave to file an amended complaint, within thirty (30) days. The thirty (30)-day period has now expired, and plaintiff has not filed an amended complaint or otherwise responded to the court's order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court

1  apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal
2  for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.
3  1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

4      In determining whether to dismiss an action for lack of prosecution, failure to obey a
5  court order, or failure to comply with local rules, the court must consider several factors: (1) the
6  public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
7  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
8  their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831;
9  *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61;
10 *Ghazali*, 46 F.3d at 53.

11     In the instant case, the court finds that the public's interest in expeditiously resolving this
12 litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third
13 factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of
14 injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air
15 West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition
16 of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed
17 herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in
18 dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262;
19 *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.  The court's order expressly stated: "If
20 Plaintiff fails to file an amended complaint, this action will be dismissed."  Thus, plaintiff had
21 adequate warning that dismissal would result from his noncompliance with the court's order.

22     Accordingly, the court HEREBY ORDERS that this action is dismissed based on
23 plaintiff's failure to obey the court's order of October 14, 2009, and for failure to state a claim
24 upon which relief may be granted.  This dismissal counts as a strike pursuant to 28 U.S.C. §
25 1915(g).

26     IT IS SO ORDERED.

27     Dated:   **June 17, 2010**              **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE
28